CONNER (LONG v.). See Case No. 8,479.

## Case No. 3,115.

CONNER et al. v. The SARAH SANDS.

[30 Hunt, Mer. Mag. 714.]

District Court, S. D. New York. April 11, 1854.

CONTRACT OF AFFREIGHTMENT — DELIVERY—DAMAGES.

[1. A carrier, upon delivery of only a part of goods shipped under one complete contract, is liable only for the part not delivered unless the consignee, within a reasonable time after discovering the defect, tenders the carrier the goods already delivered.]

[2. Where part of the goods delivered are destroyed by fire the consignee should in like manner tender the part not destroyed.]

[In admiralty. Libel by James Conner and William C. Conner against the steamship Sarah Sands to recover upon a contract of affreightment.]

Sanxay & Shepard, for libellants.

Owen & Betts and Mr. Evarts, for claimants.

INGERSOLL, District Judge. About the 10th of December, 1849, the libellants shipped on board the Sarah Sands, then at this port, bound for San Francisco, forty-two boxes, barrels and packages, containing type and printers' materials, to be carried to Panama, and there delivered in like good order, to be forwarded to San Francisco, and there delivered to Messrs. DeWitt & Harrison or their assigns, at the ship's tackles alongside, and a bill of lading in that form was assigned. The ship arrived at Panama, and afterwards, with the goods on board, sailed for San Francisco, where she arrived in June, 1850. Three of the packages, containing important parts of the invoice, were not found on board to be delivered. All that could be found were lightered from the ship by the direction of some one besides the consignees, and landed upon the beach. Eight of these were, by the consignees, placed in a storehouse belonging to Everett & Co., the consignees of the vessel, and afterwards the goods were sold by invoice, at auction, for $8,500, but the purchaser finding that all were not delivered from the ship, refused to complete his purchase. Negotiations were entered into between him and the consignees in reference to the delivery of the missing packages, but before the negotiations were terminated, a fire, on the 14th of June, destroyed all the goods which were then deposited at the landing-place. The libellants, thereupon, brought suit to recover the whole value of the invoice.

HELD BY THE COURT: That an entire contract for the transportation and delivery of several articles is not performed at all unless all are delivered; that if the consignee refuses or neglects to receive them when all are offered, the carrier may discharge himself by storing them; that if a part only are delivered, and the consignee accepts them as a performance of the contract in part, he cannot afterwards claim damages for the nondelivery of the whole, but is limited to the damages which he has sustained by the nondelivery of that which he has not received; that if the consignee receives a part, with the understanding that he is to receive the whole, and finds afterwards that the delivery is not complete, he may repudiate the partial delivery, but must, in that case, return or tender to the carrier within a reasonable time, the goods that he has received, or show some good reason for not doing so. He cannot retain a part, and claim damages for its nondelivery. Held, upon the evidence, that no part of these goods were delivered before they were landed on the shore; that the landing all but the three missing packages did not affect the rights of the libellants to recover the full value of all; that the acts done by the consignees, after the goods were landed, amount to an acceptance of them in the expectation that all would be delivered, and on that condition; that the goods were never returned or tendered to the carriers; and that the fire is not a sufficient reason to excuse this, as it consumed only those that were left on the beach, and not those that were stored. Held, therefore, that the ship is liable to the libellants only for the damage which they have sustained by the nondelivery of the three missing packages; that damage is the difference between the value of the whole invoice at San Francisco, when the ship arrived, and the value of the invoice, exclusive of the missing packages.

Decree therefore for libellants, with a reference to a commissioner to compute the damages.

CONNER (UNITED STATES v.). See Cases Nos. 14,846 and 14,847.

CONNESTOGA, The (The MARGARET v.). See Case No. 9,070.

## Case No. 3,116.

CONNINGHAM v. LACEY.

[1 Cranch, C. C. 101.] [1]

Circuit Court, District of Columbia. Dec. Term, 1802.

NONRESIDENT BAIL.

Bail residing in Alexandria county cannot be received in an action in Washington county.

Bail was refused who lived in Alexandria; THE COURT being doubtful whether an execution from this county can be served in that.

KILTY, Circuit Judge, absent.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]